■ ROSEMARIE DiMARIA, Appellant, v COORDINATED RANCHES,

INC., Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Sacks, J.), entered October 22, 1986, which is in favor of the defendant and against her, upon a jury verdict.

Ordered that the judgment is affirmed, with costs.

The plaintiff was injured when she fell from a horse while a guest at the Pinegrove Ranch, a dude ranch owned and operated by the defendant. At the trial, the court, over the objection of the plaintiff's attorney, permitted the defendant to introduce into evidence certain guest registration cards and horseback riding sign-up sheets bearing her signature. The exhibits, as redacted, all contained identical language, i.e., "I recognize that the sporting facilities provided at PINEGROVE have a certain amount of danger connected with them". The plaintiff contends on appeal that the trial court erred in permitting these exhibits to be introduced into evidence inasmuch as General Obligations Law § 5-326 precludes the owner or operator of a recreational facility from entering into an agreement with a user of the facility whereby the owner absolves himself of responsibility for his negligence.

We, however, find no error. Initially, we note that the aforementioned statutory provision does not preclude the introduction of such an agreement, as redacted, into evidence but rather deems the agreement void as against public policy and wholly unenforceable (General Obligations Law § 5-326). The language in the exhibits, as redacted, clearly cannot be interpreted so broadly as to suggest to the jury that the defendant is exempt from liability for damages caused by its negligence. Neither is the subject language susceptible to an interpretation that the plaintiff, by affixing her signature to the documents, expressly assumed all risks associated with the use of the facilities. We therefore find no undue prejudice to the plaintiff from the introduction of the challenged exhibits into evidence. In any event, the jury never reached the issue of assumption of risk.

We have examined the remainder of the plaintiff's contentions on appeal and find them to be without merit. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.