NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1772
_____

RANDALL DUCHESNEAU,

Appellant

v.

CORNELL UNIVERSITY;
CORNELL GYMNASTICS CLUB;
TUMBL TRAK

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-08-cv-04856)
District Judge: Honorable C. Darnell Jones, II
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2014

Before:  AMBRO, JORDAN, and ROTH, <u>Circuit Judges</u>

(Opinion filed: March 13, 2014)

_____

OPINION
_____

AMBRO, <u>Circuit Judge</u>

## I. Background

Randall Duchesneau, a student at Cornell University and a member of Cornell's student-run gymnastics club, was seriously injured while attempting to perform a back flip on a trampoline-type surface known as a TumblTrak. Duchesneau filed suit in the Eastern District of Pennsylvania against Cornell, the Cornell Gymnastics Club and the manufacturer of the TumblTrak, asserting negligence claims against Cornell and the Cornell Gymnastics Club, and negligence and product liability claims against TumblTrak.[1] Specifically, Duchesneau alleged that he did not know how to use safely a TumblTrak and that Cornell was negligent because it failed to provide him with instruction, training, warnings, and supervision. The case proceeded to a jury trial against Cornell.

Prior to trial, Duchesneau filed a motion in limine asking the District Court to exclude, in its entirety, a "Waiver and Assumption of Risk" document (hereinafter, the "Document") that he had signed as a condition of using the Cornell gymnasium. Relying on N.Y. Gen. Oblig. Law § 5-326, which renders releases in certain contexts void against public policy and thus unenforceable, the District Court partially granted the motion and prevented Cornell from introducing into evidence or otherwise relying on Duchesneau's waiver of liability. However, the District Court ruled that portions of the Document that were relevant to Cornell's defense of assumption of the risk could be introduced into evidence. Those portions ultimately shown to the jury included Duchesneau's

---

[1] Duchesneau ultimately dismissed his complaint against the Cornell Gymnastics Club and reached a settlement with TumblTrak.

acknowledgment that he had "full knowledge of the nature of the extent of all the dangers and risks associated with gymnastics including but not limited to … head injuries, and back injuries." App. at 2080a.

When the modified Document was introduced to the jury, defense counsel stated as follows:

> Judge, this is the first time that we've had use of this document. Obviously this was prepared at the request of Your Honor. I didn't know if it was appropriate for you to give an instruction to the jury that this is not the actual document but was something that you asked counsel to piece together.

App. at 2985a. The District Court judge admonished defense counsel for this statement.

At trial, Cornell introduced evidence that it was reasonable and customary for Gymnastics Club members to use the gymnasium, including its TumblTrak, in a non-coached, non-instructional 'open gym' format. The jury unanimously found that Cornell was not negligent, and a verdict was entered in Cornell's favor. Duchesneau filed a Post-Defense Verdict Motion for Mistrial, and a Motion for a New Trial. The District Court denied both motions and Duchesneau appealed. [2]

Duchesneau argues that the District Court erred in 1) denying his motion in limine to preclude any reference to the Document, and 2) denying his motion for a new trial based on defense counsel's allegedly improper reference to the Document during trial.

## II. Discussion

A "[d]istrict [c]ourt's determinations concerning the admissibility of evidence are reviewed for abuse of discretion." *Forrest v. Beloit Corp.*, 424 F.3d 344, 349 (3d Cir.

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have appellate jurisdiction under 28 U.S.C. § 1291.

2005). To the extent an evidentiary issue turns on the interpretation of state law, however, we exercise plenary review. *Id.* We review for abuse of discretion a district court's denial of a motion for a new trial. *Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1017 (3d Cir. 1995).

A.    Motion in Limine

New York law provides that any agreement that exempts the owner or operator of a gymnasium "from liability for damages caused by or resulting from the negligence of the owner . . . shall be deemed to be void as against public policy and wholly unenforceable." N.Y. Gen Oblig. Law § 5-326. Here the District Court held that the "Waiver" component of the Document was unenforceable under § 5-326. However, the District Court admitted portions of the Document as relevant to Cornell's argument that Duchesneau assumed the risk of using the gymnasium.

Duchesneau responds that the District Court's ruling was incorrect because § 5-326 required the exclusion in its *entirety* of the Document. This misinterprets § 5-326 and the case law applying the statute. While it makes waivers unenforceable to bar suit, it says nothing about whether waiver documents can be admitted as evidence. New York case law supports and further clarifies this position. *See DiMaria v. Coordinated Ranches*, 138 A.D.2d 445, 445 (N.Y. App. Div. 1988) (noting that § 5-326 "does not preclude the introduction of such an agreement, as redacted, into evidence . . ."). The cases on which Duchesneau relies – *Brancati v. Bar-U-Farm, Inc.*, 183 A.D.2d 1027 (N.Y. App. Div. 1992), and *Owen v. R.J.S. Safety Equipment, Inc.*, 169 A.D.2d 150 (N.Y. App. Div. 1991) – are not on point, as they address only whether certain documents were

4

enforceable to bar suit entirely, as opposed to whether relevant portions of those documents would be admissible evidence in an existing suit. The District Court correctly ruled that, though the Document was void under § 5-326 and therefore not enforceable as a complete bar to Duchesneau's suit, portions of the Document were admissible as evidence that Duchesneau was warned of the risks associated with gymnastic activity.

B.      Motion for New Trial

After the jury returned its verdict, Duchesneau moved for a new trial, arguing that defense counsel's improper references to the Document had put the issue of waiver before the jury and influenced the verdict. To grant a new trial, a court must determine that "the allegedly improper statements or conduct make it 'reasonably probable' that the verdict was influenced by the resulting prejudice." *Forrest*, 424 F.3d at 351 (citation omitted). Here, even assuming that defense counsel engaged in misconduct, it is not "reasonably probable" that this misconduct influenced the verdict. In returning its verdict, the jury stopped after answering "No" to Question 1 (whether Cornell was negligent) and never reached Question 3 (regarding Duchesneau's assumption of the risk). The District Court noted that

> Plaintiff's perceived issues of disobedience of the Motion in Limine ruling and this Court's directives did not go to the issue of whether or not Defendant was negligent. This alleged misconduct did not affect Plaintiff's substantial rights because it did not touch upon the aggrieved issues. Plaintiff speculates that the jury, in its unequivocal finding of "no negligence" on the part of Cornell, somehow considered the concept of "waiver." Such speculation is unsupported by the record and Plaintiff simply does not meet its burden of proof that would require a new trial.

5

App. at 18a.  Accordingly, the District Court correctly held that "due to the jury's finding that defendant Cornell University was not negligent, any error in this case was harmless." App. at 15a.  Thus the Court did not abuse its discretion in denying Duchesneau's motion for a new trial.  *See Farra v. Stanley-Bostitch, Inc.*, 838 F. Supp. 1021, 1027 (E.D. Pa. 1993) ("A motion for a new trial on issues that a jury did not reach will not be granted.").

For these reasons, we affirm.